*106 OPINION.
Marquette :
The only issue for our determination is as to the value of the common stock of Alexander Bennie & Co. when George E. Bennie died in November, 1923. But as that value depends upon the worth of the assets of that company at that time, we must first ascertain such worth. There is no dispute except as to two items of the assets: (1) Merchandise on hand, valued by the petitioner at *107 $100,000 and by the respondent at $125,525.51; and (2) machinery and fixtures, valued by the petitioner at $5,897.44 and by the respondent at $19,998.02.
The respondent has followed the inventory values fixed by the company itself less than ,two months after Bennie died. The merchandise was inventoried at cost, not because this reflected its true value, but because, owing to the nature of the consignment business carried on, it was impossible to determine accurately the exact value of the merchandise stock. It is very evident that when goods were returned by the consignees, sometimes after a lapse of months and in broken lots, the sale value had depreciated. The testimony shows that this depreciation sometimes ran as high as 50 per cent. Goods in the retail department were also damaged by customers handling them. The 20 per cent depreciation in sale value would seem to be not unreasonable if we consider the matter on the basis of liquidating values. But at the time of Bennie’s death and for more than a year afterward the company was a going concern. Its merchandise stock on hand in November, 1923, was undoubtedly different from that on hand in March, 1925, when liquidation began; and its value may have been different also. As a going concern it valued its goods more highly than it would on a liquidating basis, and properly so. It is as a going concern that we must consider the company and the value of its merchandise on hand. On that basis we think the evidence insufficient to disturb the determination of the respondent as to the value of the merchandise in stock at the time of Bennie’s death.
The same reasoning applies to the valuation of the machinery and fixtures, with the exception of the tire-molding machine. Annual depreciation had been taken upon these assets, and the inventory figure on December 31, 1923, represented their fair value as working assets of a going concern. The evidence shows that the tire-molding machine had not been used for some considerable time prior to the end' of 1923; that Bennie carried it on the books at its cost value, but in a separate account apart from the other' machinery and fixtures; that he did this on the chance that tire conditions might so change as to revive the usefulness of the machine. The machine was, however, entirely useless; repeated efforts to realize something on it, even as scrap metal, proved fruitless. We are disposed to allow the petitioner a deduction of the price of that machine, namely, $3,129.35.
The estate tax should be recomputed, valuing the machinery and fixtures at $16,867.67 instead of $19,993.02.

Judgment-will be entered under Bule 50.